(Decided November 16th 1864.)

---

## William Morgan's Lessee *vs.* Rachel Slider.

Ejectment: Title by Adverse Possession: Contract—Construction of: Estoppel: Fraud: Prayers and Instructions to the Jury.—"The principles of the law governing this case are all of them familiar and well settled." (*Per Curiam.*)

Appeal from the Circuit Court for Allegany County:

This was an action of *Ejectment*, brought by the appellants against the appellee, 4 December 1858, for the tract of land called "Vineyard." Defence was taken for part of the tract.

*Exception.*—The plaintiff gave in evidence the patent from the State to Robert Martin, issued the 16 Nov. 1849, which recites that the tract had been surveyed for James Martin, under a common warrant issued 25th Sept. 1792; that James Martin had compounded for it according to law; that James Martin died intestate, leaving Robert Martin his only child and heir, and that upon the petition of Robert Martin, the Chancellor ordered the patent to issue to him, which was accordingly done, 16 Nov. 1849.

The plaintiff also gave in evidence a deed from Robert Martin and wife to William Morgan, dated 25th Oct. 1852, and then rested his case.

The defendant then proved that Joseph Slider went into possession of the tract more than thirty years ago, about the year 1805 or 1806, and occupied and possessed it by actual inclosure till his death, about the year 1825 or 1826. That John Slider, his son, then went into possession and held it by the same inclosure until his death, which occurred seven or eight years ago, and that the defendant, who is the widow of John Slider, has continued to hold and possess it from her husband's death until now.

The defendant also proved that John Slider had entered into an arrangement for the purchase of the outstanding paper title of Robert Martin, under the bond of conveyance executed by Thomas R. C. Martin, and that the plaintiff undertook to carry out and complete this arrangement.

The plaintiff then further proved that the defendant leased the premises, and became the tenant of the plaintiff for one year, from 21st April 1852, and that he gave her notice to quit on the 27th Sept. 1857.

The defendant then proved that the plaintiff had, after 1st April 1852, occupied part of the premises, and paid rent for it to the defendant; and also proved that Robert

Martin had lived in Allegany County in the year 1847, and gone to see the premises.

The plaintiff then prayed the Court to instruct the jury, as follows:

1st. The plaintiff by his counsel prays the Court to instruct the jury, that if they shall believe from the evidence in the cause, that the patent and deed for the tract of land called "Vineyard," as offered in evidence by the plaintiff, are truly located upon the plats in the cause, then their verdict must be for the plaintiff for the whole of said tract of land as located upon said plats.

2nd. The plaintiff by his counsel prays the Court to instruct the jury, that if they shall believe from the evidence in the cause, that the tract of land called "Vineyard," is truly located upon the plats in this case, and that John Slider entered into a contract for the purchase of said tract of land in the year 1850, from Robert Martin or his agent, and paid said Martin or his agent, a part of the purchase money therefor, and executed his notes for the residue of said purchase money, that then the said John Slider cannot, nor can any person claiming under him, dispute the title of the said Martin to the said tract of land.

The ruling of the Court upon the 3rd and 4th prayers is not embraced in this appeal.

5th. The plaintiff by his counsel prays the Court to instruct the jury, that there is no evidence in this cause from which they can find an adverse possession by the defendant or those under whom she claims, for a period of twenty years, prior to the bringing of this suit, sufficient to bar the right of the plaintiff to recover.

The defendant also prayed the Court to instruct the jury, as follows:

1st. In this cause the defendant by her counsel prays the Court to instruct the jury, that if they shall find from the evidence in this cause, that the original survey of the

tract of land in controversy in this cause was made, and the composition money therefor paid, as the same is stated in the patent for said tract, which is offered in evidence in this cause by the plaintiff, and if they shall also find that the said patent was regularly issued to Robert Martin, and if they shall also believe that the deed offered in evidence by the plaintiff from said Robert Martin to the plaintiff, was executed and delivered to said plaintiff by said Robert Martin. And if they shall also find from the evidence in the cause, that John Slider took possession of the part of said tract for which the defendant takes defence in this cause, and held it by adverse possession and actual inclosure for twenty years prior to his death, and that he claimed title thereto during the whole time of such possession, and that said Robert Martin was within the limits of Allegany County during the time that said Slider was in such adverse possession, and more than ten years prior to the bringing of this suit, and knew that said Slider was so in possession; then such adverse possession of said John Slider, tolls the right of entry of said Robert Martin, and all persons claiming under him, and the plaintiff cannot recover in this action.

2nd. The defendant by her counsel prays the Court to instruct the jury, that if they shall find that John Slider, made the arrangement with Thomas R. C. Martin, as stated in the bond of conveyance, and that said Thomas got said Slider drunk, and obtained said arrangement from said Slider while he was drunk, and that said Slider had a good title to the land in controversy, by possession, prior to making said arrangement, then they may find that such arrangement was fraudulently obtained by said Martin from said Slider, and if they do so find, then said arrangement or bond of conveyance is not binding upon said Slider or those claiming under him, and said bond is not an *estoppel*.

3rd. And she further prays the instruction of the Court, if they shall find that said bond was made by said Thomas R. C. Martin as stated in said bond of conveyance, and received by said Slider merely for the purpose of getting a paper title for said land and avoiding a law suit, and that said Slider had a good title thereto, at the time of making said arrangement with said Martin, by adverse possession for twenty years, then said bond of conveyance is no *estoppel*.

4th. And further, if they shall find from the evidence in this cause, that the defendant executed a lease offered in evidence in this cause, and that it was obtained from said defendant by fraud, then the defendant is not bound by it.

5th. And the defendant further prays the Court to instruct the jury, that if they shall find from the evidence in the cause, that the plaintiff became a tenant of the premises in controversy, or any part thereof, under the defendant, and paid rent therefor to her, after the execution of said lease by the defendant, if they shall even believe the same to have been executed by her, and that the defendant had possession of said premises, then they may also find that the title of the plaintiff under which the defendant executed said lease had then expired, and if they do so find, then the defendant is not *estopped* to deny the title of the plaintiff.

6th. The defendant, by her counsel, further prays the Court to instruct the jury, that if they shall find from the evidence in the cause, that the plaintiff entered into an arrangement with John Slider, during his lifetime, by which the plaintiff was to obtain the legal paper title to the tract of land called "Vineyard," from Robert Martin, and that said plaintiff was then to retain to himself the title to part of said tract, and to make a legal paper title to the defendant for the balance of said tract, and that John Slider at the time of such arrangement had been in

peaceable adversary possession of the part of said tract for which defence is taken in this cause, for twenty years by inclosure, and that the defendant by said arrangement was to retain possession of the part of said tract for which the plaintiff was to make her such legal title, until such title was made, and that the plaintiff entered into said arrangement, and obtained it fraudulently, and with the fraudulent intent of getting the said legal title and turning the said defendant out of possession, then said arrangement is not binding on said John Slider or any person claiming under him.

The Court below, (PERRY, J.,) rejected the first, second and fifth prayers of the plaintiff, and granted the third and fourth of said prayers; and also granted the six prayers of the defendant. To which said rulings of the Court the plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff appealed.

No counsel appeared for the appellant.

*J. H. Gordon,* for the appellee.

I. The first, second and fifth prayers of the plaintiff were rightfully rejected, for the following reasons:

1st. The first prayer assumes the issuing of the patent, and the execution of the deed. *Balto. & O. R. R. Co., vs. Rieley,* 7 *Md. Rep.*, 297.

2nd. It goes upon the ground that the only evidence required to entitle the plaintiff to recover, was the true location of his title papers upon the plats.

3rd. The second prayer asks the Court to instruct the jury, that the contract of John Slider for the purchase of the outstanding paper title of Robert Martin, operated as an *estoppel* upon him (Slider) and all parties claiming under him. *Casey's Lessee vs. Inloes,* 1 *Gill,* 493. 2 *Smith's Lead. Ca.,* 543–4. *Blight's Lessee vs. Rochester,* 7 *Wheaton,* 535.

4th. The 5th prayer is, that there is no evidence of adverse possession by the defendant, or those under whom she claims, sufficient to bar the plaintiff's right to recover; but there is evidence that Morgan admitted that John Slider had a good title by possession.

II. The defendant's prayers were properly granted, for the following reasons:

1st. The 1st prayer is that, if John Slider held the adverse possession for twenty years prior to his death, then that tolls the right of entry of Martin. *Armstrong vs. Risteau*, 5 *Md. Rep.*, 270.

2nd. The defendant's second prayer explains itself, and is sustained by the evidence; it prays the instruction, that if John Slider had a good title by possession, and that Martin got Slider drunk, and obtained an arrangement from Slider while in that condition, by which Slider agreed to purchase the paper title to the land, then there is evidence from which they may find that the arrangement was obtained by fraud. The 4th and 6th prayers, also, go upon the ground of fraud.

3rd. The defendant's third prayer is the reverse of the plaintiff's second prayer, and was properly granted.

4th. The defendant's 4th prayer is, that if they shall find that the defendant did execute the lease offered in evidence, and that the plaintiff afterwards became the tenant of the plaintiff for the premises, or part of them, then they may find that the title of the plaintiff, under which the defendant had executed the lease, had expired, and in that case she is not *estopped* to deny his title. *Taylor's Land. & Ten.*, 89. 2 *Greenleaf on Ev.*, 305.

There is clear and conclusive evidence that Morgan had conceived the whole plan, originally, of turning this old woman out of her property, and getting it for himself; and all the subsequent acts were in accordance with this design. *Davis & Calvert*, 5 *G. & J.*, 303. *Waters vs.*

35      v. 22.

*Dashiel*, 1 *Md. Rep.*, 474. *Richards vs. Swan*, 7 *Gill*, 377. *Mayor & Council vs. Williams*, 6 *Md. Rep.*, 267.

BARTOL, J., delivered the opinion of this Court.

This cause has been argued in this Court only on the part of the appellee, the appellant not having appeared or filed any brief, alleging error in the ruling of the Circuit Court upon the prayers contained in the bill of exceptions. We have carefully examined the several questions raised by the prayers, and find no error in the action of the Circuit Court. The principles of law governing the case, are, all of them, familiar, and well settled. We deem it unnecessary, therefore, to enter into any extended discussion of them, the grounds upon which the judgment ought to be affirmed, are clearly stated in the brief of the appellee, and fully supported by the authorities cited by him. The judgment will therefore be affirmed.

*Judgment affirmed.*

(Decided November 16th 1864.)